UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-2149(DSD/ECW)

FSS, Inc. a Minnesota
Corporation doing business as
Food Service Specialties,

       Plaintiff,

v.                                            **ORDER**

Casablanca Foods, Inc. LLC
a New York limited liability
company also known as Mina Foods,

       Defendant.

    Joshua D. Christensen, Esq. and Anastasi Jellum, PA, 14985 60th Street North, Stillwater, MN 55082, counsel for plaintiff.

    Alexander Farrell, Esq. and Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, MN 55439, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Casablanca Foods. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This contract dispute arises out of three unpaid invoices issued pursuant to the parties' Formula Production Agreement (Agreement). Plaintiff Food Specialty Services (FSS) is a Minnesota corporation specializing in food condiment and

ingredient manufacture and supply. Compl. ¶ 1. Casablanca Foods is a New York company specializing in the creation and distribution of specialty sauces. Id. ¶¶ 2, 6. Casablanca sells its sauces to third-party wholesalers, who in turn, sell the sauces to restaurants and grocers. Id. ¶ 6.

On February 12, 2016, FSS and Casablanca entered into the Agreement, whereby FSS agreed to manufacture and package Casablanca's sauces. Id. ¶¶ 6, 7. Section one of the Agreement provides that FSS would "formulate a Production Process for [Casablanca's] product based upon ingredients and criteria supplied to it by [Casablanca]."[1] Kallamni Decl. Ex. A ¶ 1. Section two, in relevant part, provides that Casablanca "shall pay FSS the costs of all ingredients, packaging and shipping costs related to the Production Process, including but not limited to: ... any changes, cancellations, and/or excess inventory of unique ingredients, expired ingredients, unique package components [i.e. labels] ... within 30 days from the date FSS invoices [Casablanca]." Id. ¶ 2. Section five provides that "the Production Process or any development thereof shall at all times remain the exclusive property of FSS; and [Casablanca] shall have no rights to any aspect thereof. [Casablanca] acknowledges it is

---

[1] The parties entered into a separate confidentiality agreement regarding the Production Process and Casablanca's sauce formulas. Id. ¶ 7.

not compensating FSS to formulate a Production Process for its product." Id. ¶ 5.

In mid-2016, FSS developed the Production Process and started manufacturing and distributing Casablanca's sauces. Compl. ¶ 9. FSS alleges that it acquired unique ingredients, glass containers, and labels in a manner specific to Casablanca's sauces and the Production Process. Id. ¶ 10.

In mid-April 2018, FSS issued three invoices, totaling $320,139.71, "for the raw ingredients, packaging, and storage necessary" to create a sauce.[2] Id. ¶ 14. Casablanca did not timely pay the invoices. Id. On July 16, 2018, Casablanca again refused to pay the invoices. Id. ¶ 16. On July 20, 2018, FSS commenced this diversity suit, raising breach of contract, promissory estoppel, and unjust enrichment claims. Casablanca now moves to dismiss.

## DISCUSSION

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

---

[2] The invoices are identified as Nos. AR002794, AR002777, and AR002790, but are not attached to the Complaint or Agreement.

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Furthermore, while a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 677 (quotations and citation omitted). In a motion to dismiss, the court must assume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the complainant. Olin v. Dakota Access, LLC, 910 F.3d 1072, 1075 (8th Cir. 2018).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). Here, the court properly considers the Agreement.

**II. Sufficiency of Allegations**

   **A. Breach of Contract**

Casablanca argues that it did not breach the Agreement because it was not required to pay the invoices. Specifically, Casablanca argues that, based on the parties' previous dealings, FSS only issued invoices for completed sauces, rather than for raw ingredients or unused packing. FSS counters that it has plausibly pleaded a breach of contract claim because under the Agreement, Casablanca is required to pay for all invoiced ingredients and packing related to the Production Process, regardless of whether they were used in a completed sauce.

Under Minnesota law, the elements of a breach of contract claim are: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." Park Nicollet Clinic v. Hamann, 808 N.W.2d 828, 833 (Minn. 2011) (internal citations omitted). FSS has adequately pleaded each of the required elements.

The complaint states that the invoices are for ingredients and packaging related to the Production Process and that Casablanca has not paid the invoices. FSS alleges that under Section two of the Agreement, Casablanca is required to pay for all ingredients and packaging related to the Production Process within thirty-days of receiving an invoice. The Agreement does not state that FSS is

5

limited to charging for ingredients and packaging used in completed sauces. Nothing more is needed at this stage to survive a 12(b)(6) challenge. As a result, the court denies the motion to dismiss as to this claim.

**B. Promissory Estoppel**

FSS's promissory estoppel claim is grounded in identical allegations as the breach of contract claim. Casablanca argues that the promissory estoppel claim fails as a matter of law because equitable claims are not available when there is an enforceable contract. Casablanca also argues that it abided by the terms of the Agreement. FSS responds that equitable claims may be pleaded in the alternative in a contract dispute and that Casablanca made a definite promise to pay the invoices under the Agreement.

Under Minnesota law, promissory estoppel "requires proof that (1) a clear and definite promise was made, (2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment, and (3) the promise must be enforced to prevent injustice." Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000) (internal citations omitted). "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). "At the motion to dismiss stage, courts 'routinely permit

the assertion of contract and quasi-contract claims together.'" Toomey v. Dahl, 63 F. Supp. 3d 982, 999 (D. Minn. 2011) (quoting Cummins Law Office, P.A. v. Norman Graphic Printing Co., 826 F. Supp. 2d 1127, 1130 (D. Minn. 2011)); see also Turley Martin Co. v. Gilman Paper Co., 905 F.2d 235, 237 (8th Cir. 1990).

FSS has alleged that Casablanca made a clear and definite promise to pay for all unique ingredients and packaging related to the Production Process within thirty days, and that without compensation, it would unjustly incur the cost and expense of reasonably acting on Casablanca's promise. FSS's allegations that it relied on that promise and was harmed as a result of Casablanca's failure to pay the invoices is sufficient to state a promissory estoppel claim. As a result, the motion to dismiss must also be denied as to this claim.

### C. Unjust Enrichment

Casablanca next argues that FSS's unjust enrichment claim fails as a matter of law because it has not accepted or unjustly retained any benefit conferred by FSS. FSS responds that Casablanca benefitted by knowing that its sauces were being produced, that FSS had sufficient ingredients to make the sauces, and that the Production Process enabled Casablanca to sell it sauces without supply concerns. In other words, FSS contends that it gave Casablanca peace of mind by taking care of the Production

Process and ensuring that it had adequate ingredients to make the sauces.

In Minnesota, the elements of an unjust enrichment claim are: "(1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it." Dahl v. R.J. Reynolds Tobacco Co., 742 N.W.2d 186, 196 (Minn. Ct. App. 2007). A plaintiff must show "that [the defendant] was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully." First Nat'l Bank of St. Paul v. Ramier, 311 N.W.2d 502, 504 (Minn. 1981). Unjust enrichment claims may be asserted even if the defendant did not participate in an illegal or unlawful activity, so long as it would be morally wrong for the defendant to retain the benefit generated by the failure of consideration, fraud, or mistake. See Hartford Fire Ins. Co. v. Clark, 727 F. Supp. 2d 765, 777-78 (D. Minn. 2010); Kranz v. Koenig, 484 F. Supp. 2d 997, 1001 (D. Minn. 2007); see also Cady v. Bush, 166 N.W.2d 358, 361–62 (1969); Anderson v. DeLisle, 352 N.W.2d. 794, 796 (Minn. Ct. App. 1984).

The complaint alleges that Casablanca received the benefit of the "development of a unique Production Process associated with the formulation and manufacture of specialty sauces." Compl. ¶ 26. The Agreement, however, explicitly states that FSS owns the

8

Production Process and that Casablanca is not required to compensate it to formulate the Production Process. In addition, the complaint does not allege that Casablanca ever received the raw ingredients or packaging charged in the invoices.

FSS relies on Bank of Montreal v. Avalon Capital Group, Inc., 743 F. Supp. 2d 1021, 1033 (D. Minn. 2010), for the proposition that increased liquidity can support an unjust enrichment claim. Even if true, the complaint does not allege that Casablanca's revenue or lines of credit increased, that its sales improved, or that it acquired new business as a result of the Production Process or the Agreement. Indeed, the complaint does not allege that FSS accepted any tangible benefit from Casablanca akin to the increased liquidity in Bank of Montreal. Certainly, Casablanca benefited from the Production Process, but FSS has not pleaded facts showing that Casablanca immorally or unlawfully enriched itself at the expense of FSS. See Anderson, 352 N.W.2d at 796. As a result, FSS's unjust enrichment claim must be dismissed.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 8] is granted in part as set forth above.

Dated: March 28, 2019

s/David S. Doty
David S. Doty, Judge
United States District Court